UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 07-4903(DSD/SRN)

Shukri Ahmed, Sahro Absher,
Farhiya Aynab, Shamso Mohamed,
Sadia Wayrah, Kiin Farha,
and Maryann Mohamed,

     Plaintiffs,

v.                                                     **ORDER**

GCA Production Services, Inc.,
Maurico Salgeuro, and
Omar Abdlerahman,

     Defendants.

     Gregory J. Haupert, Esq., Troy A. Poetz, Esq. and Rajkowski Hansmeier Ltd., P.O. Box 1433, S. Cloud, MN 56302, counsel for plaintiffs.

     Kurt J. Erickson, Esq., Thomas E. Marshall, Esq. and Jackson Lewis, LLP, 150 South Fifth Street, Suite 1450, Minneapolis, MN 55402, counsel for defendants.

     This matter is before the court on plaintiffs' motion to remand. For the following reasons, plaintiffs' motion is granted.

**BACKGROUND**

     Plaintiffs are seven former employees of defendant GCA Production Services, Inc. ("GCA"). On November 26, 2007, plaintiffs filed a complaint in Minnesota state court alleging various state causes of action. For each of the seven plaintiffs, the complaint requested relief "in an amount no greater than $74,999 inclusive of attorney fees, costs, disbursements, treble

damages, punitive damages, civil penalties and all other types of damages." In addition, plaintiffs requested "any other and further relief the Court may deem just or equitable." On December 20, 2007, GCA removed the action to federal court claiming that plaintiffs were seeking relief "equivalent to $75,000 or in excess of $75,000." Plaintiffs moved to remand the action to state court on January 4, 2008.

**DISCUSSION**

**I.  Removal Jurisdiction**

Federal courts are "courts of limited jurisdiction. They possess only that power authorized by the Constitution and statute." Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A claim may be removed to federal court "only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met, or the claim must be based upon a federal question pursuant to 28 U.S.C. § 1331." Peters v. Union Pac. R.R. Co., 80 F.3d 257, 260 (8th Cir. 1996). The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. See In re Bus. Men's Assurance Co., 992 F.2d 181, 183 (8th Cir. 1993). Jurisdiction is determined based upon "[t]he allegations of the complaint as set forth at the time the petition for removal was filed." Crosby v. Paul Hardeman, Inc., 414 F.2d 1, 3 (8th Cir.

1969). Because the removal statutes impede upon states' rights to resolve controversies in their own courts, such statutes must be strictly construed. See Nichols v. Harbor Venture, Inc., 284 F.3d 857, 861 (8th Cir. 2002). Therefore, although a defendant has a statutory right to remove when jurisdiction is proper, the plaintiff remains the master of the claim, and any doubts about the propriety of removal are resolved in favor of remand. See *In re Bus. Men's*, 992 F.2d at 183.

Federal courts have original jurisdiction over a claim involving parties with complete diversity of citizenship and a minimum amount in controversy in excess of $75,000. 28 U.S.C. § 1332. "Generally, a complaint that alleges the jurisdictional amount in good faith will suffice to confer jurisdiction, but the complaint will be dismissed if it appear[s] to a legal certainty that the claim is really for less than the jurisdictional amount." Larkin v. Brown, 41 F.3d 387, 388 (8th Cir. 1994) (citations and quotations omitted).

Here, however, the parties present the inverse issue: whether a state court complaint alleging damages below the jurisdictional amount precludes federal jurisdiction. The court is unaware of a decision in the Eighth Circuit articulating the standard that applies in such a situation. The Ninth Circuit, however, has persuasively addressed the issue. In consideration of the limited jurisdiction of the federal courts and out of respect for the

plaintiff's prerogative to plead to avoid federal jurisdiction, the court in <u>Lowdermilk v. United States Bank National Association</u> held that "[w]here the plaintiff has alleged her facts and pled her damages, and there is no evidence of bad faith, the defendant must not only contradict the plaintiff's own assessment of damages, but must overcome the presumption against federal jurisdiction."  479 F.3d 994, 999 (9th Cir. 2007).

Defendants argue that plaintiffs claims exceed $75,000 because they are seeking "any other and further relief the Court may deem just or equitable."  In support of this argument, defendant notes that after defendant removed the case, plaintiffs made a settlement demand of $100,000 for each plaintiff.  The court, however, gives little weight to plaintiffs' settlement offer for two reasons.  First, the propriety of removal is determined at the time of removal, not after the action has been removed.  Second, the court understands the nature of settlement demands and recognizes that such demands, particularly in the early stages of litigation, rarely reflect the actual amount in controversy.  Therefore, even if the court interprets plaintiffs' complaint as seeking damages in excess of the expressly circumscribed $74,999 for each plaintiff, the court determines that defendant has not adequately contradicted plaintiffs' own assessment of damages so as to overcome the presumption against federal jurisdiction.

Defendant also argues that the court should aggregate

plaintiffs' claimed damages to reach the jurisdictional amount. The separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the amount in controversy requirement.  See Snyder v. Harris, 394 U.S. 332, 335 (1969). Multiple plaintiffs may aggregate their claims to satisfy the jurisdictional requirement only if the claims are based on a "common undivided interest."  Troy Bank of Troy, Ind. v. G.A. Whitehead & Co., 222 U.S. 39, 40-41 (1911).  A claim is based on a common undivided interest where, if "one plaintiff cannot or does not collect his share [of damages], the shares of the remaining plaintiffs are increased."  Kessler v. Nat'l Enters., Inc., 347 F.3d 1076, 1079 (8th Cir. 2003) (citations and quotations omitted). Here, although plaintiffs claims arise out of similar facts, they do not share a common undivided interest.  In other words, if one of the plaintiffs fails to recover on her claims, the amount of damages going to the other plaintiffs would not increase.  Rather, damages are limited based upon the harm, if any, suffered by each individual plaintiff.

Finally, defendant argues that even if removal was inappropriate, plaintiffs have waived their right to challenge removal by participating in the pretrial process in federal court. The cases cited by defendant in support of this assertion, however, involve procedural defects in the removal process, not defects in the original jurisdiction underlying the removal.  See Harris v.

Edward Hyman Co., 664 F.2d 943, 944-45 (5th Cir. 1981); Piper Jaffray & Co. v. Severini, 443 F. Supp. 2d 1016, 1020 (W.D. Wis. 2006); Courville v. Texaco, Inc., 741 F. Supp. 108, 111 (E.D. La. 1990).  It is well established that "[l]ack of subject-matter jurisdiction of a lawsuit cannot be waived by the parties - or ignored by the courts - at any stage of the litigation." Sadler v. Green Tree Servicing, LLC, 466 F.3d 623, 625 (8th Cir. 2006) (citing Hunter v. Underwood, 362 F.3d 468, 476 (8th Cir. 2004)); see also Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998) (applying principle in removal context).  Therefore, the court determines that plaintiffs cannot waive their right to challenge removal.  Accordingly, the court concludes that removal was inappropriate in this case.

**II.  Costs and Expenses**

Plaintiffs also seek costs and fees associated with defendant's removal of this action.  Upon remand of an action to state court, a court "may require the payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).  "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Here, although plaintiffs complaint expressly limited damages, the court determines that defendant had an objectively

reasonable basis for seeking removal.  Therefore, the court denies plaintiffs' request for costs and expenses.[1]

### CONCLUSION

Based on the above, **IT IS HEREBY ORDERED** that plaintiffs' motion to remand [Doc. No. 5] be granted and this matter be remanded to state court.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated:  February 22, 2008

                                           s/David S. Doty
                                           David S. Doty, Judge
                                           United States District Court

---

[1] Defendant argues for an award of attorney fees under 28 U.S.C. § 1927.  Section 1927 permits an award of "costs, expenses, and attorneys' fees" in any case where an attorney "multiplies the proceedings . . . unreasonably and vexatiously."  Here, plaintiffs have properly moved for remand.  Therefore, the court determines that they have not unreasonably or vexatiously multiplied the proceedings. Accordingly, defendant's request for fees is denied.